IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENT F. CARUSO, | : | |
| | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 10-6759 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant | : | |

Henry S. Perkin, M.J.                                                                                           July 6, 2012

**REPORT AND RECOMMENDATION**

Plaintiff, Vincent F. Caruso ("Plaintiff"), brings this action under 42 U.S.C. § 1383(c)(3), which incorporates 42 U.S.C. § 405(g) by reference, to review the final decision of the Commissioner of Social Security ("Defendant"), denying his claim for supplemental security income ("SSI") provided under Title XVI of the Social Security Act ("the Act"). 42 U.S.C. §§ 1381-1383f. Subject matter jurisdiction is based upon section 205(g) of the Act. 42 U.S.C. § 405(g). Presently before this Court is Plaintiff's Motion for Summary Judgment[1] and Defendant's Response thereto. For the reasons that follow, it is recommended that Plaintiff's motion be granted in part, and the matter be remanded for further proceedings.

---

[1] Plaintiff's Brief and Statement of Issues in Support of Request for Review was filed simultaneously with his motion for summary judgment.

**I.      PROCEDURAL HISTORY**

Plaintiff protectively filed an application for SSI on November 7, 2007, alleging disability since October 1, 2007, as a result of depression and body dysmorphic disorder. (Record at 11, 13, 21, 40, 41, 42, 67-73, 74, 85, 88-89, 101, 133, 140, 148, 154, 156, 158, 166, 219.)

Plaintiff's claim for disability benefits was denied at the initial review level by letter dated June 19, 2008. (Record at 40, 41, 42-46.) Thereafter, Plaintiff filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). (Record at 50-52, 53-63.) A hearing was held on January 26, 2009, at which Plaintiff, who was represented by counsel, appeared and testified. (Record at 7, 19, 22-36, 47-48, 49, 124-125.) An impartial vocational expert ("VE"), James Earhart, also appeared and testified at the administrative hearing. (Record at 19, 37-38, 65-66.)

Having considered evidence of Plaintiff's impairments, the ALJ issued an unfavorable decision on February 12, 2009 in which she found that Plaintiff, given his age, education, work experience, and residual functional capacity, was capable of performing a significant number of jobs in the regional and national economies. (Record at 15-18, Finding Nos. 4-9.) Thus, the ALJ concluded that Plaintiff could not be found disabled within the meaning of the Social Security Act. (Record at 18, Finding No. 10.)

Plaintiff timely requested review of the ALJ's decision, which was denied by the Appeals Council on September 17, 2010. (Record at 4-5, 6, 7, 124-125.) As a result, the ALJ's decision of February 12, 2009 became the final decision of the agency.

2

Plaintiff initiated this civil action November 18, 2010, seeking judicial review of the Commissioner's decision that he was able to perform a significant number of jobs in the regional and national economies, and thus was not entitled to SSI. The matter was subsequently referred to this Magistrate Judge for preparation of a report and recommendation on May 14, 2012.

## II.    FACTS

Plaintiff, born on December 16, 1959, was forty-seven years old when he protectively filed his application for SSI. (Record at 40, 67, 74, 77, 85, 114.) He has a twelfth grade education, but no relevant past work experience.[2] (Record at 17, 23, 24, 83-84, 92, 94-95.) At the time of the hearing, Plaintiff testified that he resided in an apartment by himself. (Record at 23, 68, 101, 128.) He alleges disability since October 1, 2007, as a result of depression and body dysmorphic disorder. (Record at 21, 41, 42, 67, 74, 85, 88-89, 101, 133, 140, 148, 154, 156, 158, 166, 219.)

In addition to reviewing the transcript of the administrative hearing and the administrative decision in this case, this Court has independently and thoroughly examined all of the medical records and disability reports. We will not further burden the record with a detailed recitation of the facts. Rather, we incorporate the relevant facts in our discussion below.

## III.   LEGAL STANDARD

The role of this Court on judicial review is to determine whether there is substantial evidence in the administrative record to support the Commissioner's final decision.

---

[2]    Although Plaintiff has work experience as a machine operator, it was work performed more than fifteen years ago, and, therefore, not considered past relevant work. (Record at 17.)

3

Any findings of fact made by the Commissioner must be accepted as conclusive, provided that they are supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence" is deemed to be such relevant evidence as a reasonable mind might accept as adequate to support a decision. Richardson v. Perales, 402 U.S. 389, 407 (1971), quoting, Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). See also Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied, 113 S.Ct. 1294 (1993).

The ALJ must consider all relevant evidence in the record and provide some indication of the evidence she rejected and why she rejected it. See Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994); Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981). When determining whether the ALJ's decision is supported by substantial evidence, the Court may look to any evidence in the record, regardless of whether the ALJ cites to it in her decision. Hook v. Bowen, 677 F. Supp. 305, 306 (M.D. Pa. 1988); Eposito v. Apfel, 66 Soc.Sec.Rep.Serv. 2000 WL 218119, at *6 (E.D. Pa. Feb. 24, 2000). Thus, the issue before this Court is whether the Commissioner's final decision of "not disabled" should be sustained as being supported by substantial evidence. Moreover, apart from the substantial evidence inquiry, a reviewing court must also ensure that the ALJ applied the proper legal standards in evaluating a claim of disability. Coria v. Heckler, 750 F.2d 245 (3d Cir. 1984).

To prove disability, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period." 42 U.S.C. § 423(d)(1). Each case is evaluated by the Commissioner according to a five-step process:

> The sequence is essentially as follows: (1) if the claimant is

>currently engaged in substantial gainful employment, he will be found not disabled; (2) if the claimant does not suffer from a "severe impairment," he will be found not disabled; (3) if a severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last continually for at least twelve months, then the claimant will be found disabled; (4) if the severe impairment does not meet prong (3), the Commissioner considers the claimant's residual functional capacity ("RFC") to determine whether he can perform work he has done in the past despite the severe impairment - if he can, he will be found not disabled; and (5) if the claimant cannot perform his past work, the Commissioner will consider the claimant's RFC, age, education, and past work experience to determine whether he can perform other work which exists in the national economy. See id. § 404.1520(b)-(f).

Schaudeck v. Comm'r of Social Sec. Admin., 181 F.3d 429, 431-32 (3d Cir. 1999).

## IV. ALJ DECISION AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff is alleging disability since October 1, 2007, as a result of depression and body dysmorphic disorder. (Record at 21, 41, 42, 67, 74, 85, 88-89, 101, 133, 140, 148, 154, 156, 158, 166, 219.) The ALJ, however, proceeded through the sequential evaluation process and determined that Plaintiff was not disabled as a result of his impairments.[3]

In his Motion for Summary Judgment, Plaintiff asserts that the ALJ failed to give proper weight to the assessments of the treating and examining sources in this case and failed to properly evaluate his mental impairments. (Pl. Br. at 5-10.) The issue before this Court,

---

[3] The ALJ proceeded through all of the steps, finding that: (1) Plaintiff has not performed substantial gainful activity since the application date; (2) Plaintiff has an impairment or combination of impairments that are severe; (3) Plaintiff's impairments do not meet or equal the criteria of any of the listings in Appendix 1, Part 404, Subpart P, Regulations No. 4; and (4) Plaintiff retains the residual functional capacity to perform a full range of work at all exertional levels with the following nonexertional limitations: he is limited to performing simple, routine tasks in a work environment that does not require a specific uniform and allows him to select his work clothing and in a work environment that exposes him to occasional changes in the work setting and occasional contact with the public and co-workers. (Record at 13-17, Finding Nos. 1-4.) The ALJ concluded that although Plaintiff has no past relevant work, there are a significant number of jobs in the regional and national economies that he could perform given his age, education, work experience and RFC. (Record at 17-18, Finding Nos. 5-9.) Thus, the ALJ found Plaintiff was not disabled. (Record at 18, Finding No. 10.)

however, is whether the Commissioner's final decision of "not disabled" should be sustained as being supported by substantial evidence.

This Court has reviewed the various sources of medical evidence, the submissions of counsel, and the testimony at the ALJ hearing. Based on this Court's independent and thorough review of the record and for the reasons that follow, we conclude that the ALJ's ultimate conclusion that Plaintiff is not disabled is not supported by substantial evidence of record. More specifically, we find that the ALJ's decision fails to address certain GAF scores concerning Plaintiff's mental impairment. For this reason, we conclude that the ALJ's decision is not supported by substantial evidence of record. We will, therefore, recommend that the matter be remanded for further proceedings.

## V. DISCUSSION

Having considered the arguments of both parties, we find insufficient evidence in support of the ALJ's determination regarding Plaintiff's mental impairment. More specifically, we conclude that the ALJ failed to properly explain why she disregarded all of the GAF scores assessed by Plaintiff's treating physicians[4] at Northwestern Human Services. (Record at 130, 140, 191, 221.)

In reaching a decision, the ALJ must consider all of the relevant evidence in the record. Wier v. Heckler, 734 F.2d 955, 963 (3d Cir. 1984); Cotter v. Harris, 642 F. 2d 700, 705

---

[4] Evidence submitted by a treating physician is to be given special significance. Morales v. Apfel, 225 F.3d 310 (3d Cir. 2000). The Morales court stated, "[a] cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a period of time.'" Id. at 317 (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (quoting Rocco v. Heckler, 826 F.2d 1348, 1350 (3d Cir. 1987))). In addition, "a treating physician's report not only may be given more weight, it must be given controlling weight." 20 C.F.R. § 404.1527.

(3d Cir. 1981); Dobrowolsky v. Califano, 606 F.2d 403, 407, (3d Cir. 1979); Gober v. Mathews, 574 F.2d 772, 776 (3d Cir. 1978). Furthermore, to guard against an abuse of discretion by the Commissioner, the ALJ is required to provide some indication of the evidence which was rejected in arriving at the decision and the reasons therefore, so that a reviewing court can determine whether probative evidence was properly credited or simply ignored. See Cotter, at 705.

The ALJ failed to mention and explain her position on Plaintiff's GAF scores, which consistently ranged from forty to fifty.[5] (Record at 11-18.) We conclude that by ignoring this evidence, the ALJ acted in clear dereliction of her duty to explicitly weigh such evidence.[6] See Dobrowolsky, 606 F.2d at 407, see also Sykes v. Apfel, 228 F.3d 259, 266 (3d Cir. 2000). In fact, "courts in the Eastern District of Pennsylvania have repeatedly noted that GAF scores constitute medical evidence that is accepted and relied on by physicians, and that where an ALJ fails to explain why the scores have been discounted, a remand is necessary."[7] West v. Astrue,

---

[5] Plaintiff received GAF scores of 50 or under on the following occasions: September 20, 2007 (GAF 45); October 18, 2007 (GAF 40-50); October 10, 2008 (GAF 40-50). (Record at 130, 140, 191, 221.)

A GAF of fifty or below indicates serious symptoms, or any "serious impairment" in social or occupational functioning. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, at 32, 34 (4th ed. 2000). A GAF of forty-one to fifty demonstrates a "serious impairment" to perform work. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, at 32, 34 (4th ed. 2000). A GAF of thirty-one to forty demonstrates a "major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, at 34 (4th ed. 2000).

[6] As noted *supra*, this Court "cannot conduct de novo review of the Commissioner's decision or re-weigh the evidence of record." Schwartz v. Halter, 134 F.Supp. 2d 640, 647 (E.D. Pa. 2001)(citing, Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998)).

[7] Of particular importance and relevance to this matter, we note that the Honorable Michael M. Baylson has recently reviewed several cases in this district which discuss the issue of whether remand is required where an ALJ fails to address or examine GAF scores of 50 or below. West v. Astrue, No. 09-2650, 2010 U.S. Dist. LEXIS 40448, at *18 (E.D. Pa. April 26, 2010). Having reviewed these cases, Judge Baylson concluded as follows:

No. 09-2650, 2010 U.S. Dist. LEXIS 40448, at *18 (E.D. Pa. April 26, 2010); Glover v. Astrue, No. 07-2601, 2008 WL 517229, at *1 (E.D. Pa. February 27, 2008) (citing, Robleto v. Barnhart, No. 05-4843, 2006 WL 2818431, at *8 (E.D. Pa. Sept. 28, 2006); Dougherty v. Barnhart, No. 05-5383, 2006 WL 2433792, at *9-10 (E.D. Pa. Aug. 21, 2006); Colon v. Barnhart, 424 F. Supp.2d 805, 813-14 (E.D. Pa. 2006); Span ex rel. R.C. v. Barnhart, No. 02-7399, 2004 WL 1535768, at *6 (E.D. Pa. May 21, 2004)(concluding that it is not sufficient for an ALJ to mention GAF scores without adequately explaining how or why they were discounted); Escardille v. Barnhart, No. 02-2930, 2003 WL 21499999, at *6-7 (E.D. Pa. June 24, 2003).

Where the ALJ has failed to adequately explain in the record her reasons for rejecting or discrediting evidence, "the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." Schwartz, 134 F.Supp. at 648 (citing, Cotter, 642 F.Supp. at 705). The Third Circuit has directed that "[w]here competent evidence supports a claimant's claims, the ALJ must explicitly weigh the evidence," Dobrowolsky, 606 F.2d at 407, see also Sykes v. Apfel, 228 F.3d 259, 266 (3d Cir. 2000), and explain a rejection of the

---

> Because a GAF score constitutes medical evidence accepted and relied upon by a medical source, it should be addressed by an ALJ in making a determination regarding a claimant's disability. Clearly, the five GAF scores of 50 or below received by Plaintiff indicate serious symptoms. Yet, after examining the record and the GAF scores contained therein, the Court finds that while the ALJ provided an explanation regarding the evidence upon which she relied, the ALJ failed to disclose any reasons for not considering the five GAF scores of 50 or below received by Plaintiff. For this reason, the Court is unable to conclude that the ALJ's disability determination is supported by substantial evidence, and remands the case for consideration of plaintiff's GAF scores in conjunction with the other mental health evidence in the record and their effect on her RFC. The Court makes clear that it does not find that the GAF scores in question necessarily indicate that Plaintiff is "disabled" under the Act. Instead, the Court merely requires that the ALJ, on remand, address the multiple GAF scores received by Plaintiff of 50 or below.

West, 2010 U.S. Dist. LEXIS 40448, at *18.

evidence. See Schaudeck, 181 F.3d at 435 (citing, Benton v. Bowen, 820 F.2d 85, 88 (3d Cir. 1987)).

> Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'

Id. That is, meaningful judicial review, of the ALJ's decision, is not possible where the ALJ has not sufficiently explained the weight given to all probative evidence. See 20 C.F.R. §§ 404.1527(e), (a)(2).

This Court may not presume to know why the ALJ failed to address the GAF assessments of Plaintiff's treating physicians; judicial review is not meaningful when based on such presumptions.[8] Woodcock v. Barnhart, 2003 WL 1949638, at *6 (E.D. Pa. Apr 24, 2003). Remanding the case for this reason does not reflect anything more than the court's need for such information in reviewing the ALJ's decision.[9]

---

[8] "The court can hypothesize numerous sound reasons that might have informed the ALJ's conclusion on this issue, however our court of appeals does not permit such guesswork in the name of judicial review." Woodcock v. Barnhart, 2003 WL 1949638, at *6 (E.D.Pa. Apr. 24, 2003).

[9] In making this recommendation to remand, this Court has considered Gilroy v. Astrue, 351 Fed. Appx. 714 (3d Cir. 2009), a non-precedential opinion of the United States Court of Appeals for the Third Circuit, which was cited by Defendant in his brief. In Gilroy, the Third Circuit, writing only for the benefit of the parties, determined that the ALJ's failure to explicitly reference a one-time GAF score of 45 by plaintiff's treating psychiatrist was not error because the ALJ made repeated references to observations from his reports. Gilroy, 351 Fed. Appx. at 716.

This Court has also considered Rios v. Commissioner of Social Security, 444 Fed. Appx. 532 (3d Cir. 2011), where the Third Circuit held that a remand was not warranted despite the ALJ's failure to discuss GAF scores in the record. In Rios, the ALJ failed to discuss two GAF scores of 50, however, there were three GAF scores in the record and he did make specific reference to the consultative examiner's GAF score of 50-55. Rios, 444 Fed. Appx. at 535. In finding no error, the Third Circuit reasoned that the "ALJ was not 'cherry picking' or ignoring medical assessments that ran counter to her finding" and instead "used a score that . . . reflect[ed] Rios's therapist's and doctors' notes that his symptoms ranged from moderate to severe." Id.

## VI. CONCLUSION

Based on the record before us, we cannot determine whether Plaintiff's mental impairment meets or equals a listed impairment or whether he is otherwise disabled. The matter should be remanded so that the ALJ can review the entire record, including multiple GAF scores, with respect to Plaintiff's mental impairment. If the ALJ should determine that Plaintiff does not qualify for disability for his mental impairments, the ALJ must articulate the weight applied to the evidence and the reasons for rejecting Plaintiff's claim of disability.[10] On remand, the ALJ should also reconsider her residual functional capacity determination, and hypothetical proposed to the VE.[11]

Further, Plaintiff should be afforded a reasonable opportunity to supplement the medical evidence to address the issues identified herein. See Gachette v. Weinberger, 551 F.2d 39, 41 (3d Cir. 1977)(counsel "should be permitted to make an offer of proof regarding what a more fully developed record might have shown"); see also Stover v. Shalala, 1995 U.S. Dist. LEXIS 7405, *22 (E.D. Pa. May 31, 1995)(on remand, claimant was to "be given an opportunity

---

In this matter, however, we conclude that the ALJ overlooked all four of Plaintiff's GAF scores, which reflected scores of 50 or below. In addition, there do not appear to be any other references in the ALJ's decision to the observations of Plaintiff's treating physicians such as those noted in Gilroy. To the contrary, it appears that the ALJ relied solely on the assessments of the state agency physicians. Moreover, the ALJ did not choose to discuss one out of a few GAF scores like the ALJ in Rios. To the contrary, her decision fails to cite any of the GAF scores. We conclude that the ALJ's characterization of the evidence is insufficient because her discussion carried on as if no GAF scores existed in the record at all.

[10]  The Third Circuit requires the ALJ to set forth the reasons for her decision. Burnett v. Commissioner of Social Sec. Admin., 220 F.3d 112, 119 (3d Cir. 2000)(citing Cotter, 642 F.2d at 704-05).

[11]  The Third Circuit has consistently held that because the VE provides opinion as to the claimant's residual functional capacity, the hypotheticals posed to a VE must accurately identify "all of a claimant's impairments that are supported by the record; otherwise the question is deficient and the expert's answer to it cannot be considered substantial evidence." Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987)(citing Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984) and Wallace v. Sec'y, 722 F.2d 1150, 1155 (3d Cir. 1983)(stating the expert must have evaluated claimant's particular impairments as contained in the record)).

at th[e] rehearing to submit additional relevant evidence"). Finally, Plaintiff should remain cognizant that the ultimate burden of proving disability rests with him.

Therefore, I make the following:

## RECOMMENDATION

AND NOW, this 6th day of July, 2012, it is RESPECTFULLY RECOMMENDED that the Plaintiff's Motion for Summary Judgment should be GRANTED in part, and the matter should be REMANDED to the Commissioner in accordance with the fourth sentence of 42 U.S.C. § 405(g).

BY THE COURT:

/s/ Henry S. Perkin
HENRY S. PERKIN,
United States Magistrate Judge